Lillian S. Harris, Appellee, v. Jeanette L. Solomon et al.
Appeal of Sarah Braverman, Appellant.

Gen. No. 36,123.

28

Opinion filed May 24, 1933.

SHULMAN, SHULMAN & ABRAMS, for appellant; MEYER ABRAMS, of counsel.

SHORT, ROTHBART, WILLNER & LEWIS, BROWN, FOX & BLUMBERG and CLEMENT HARRELL, for appellee; SEYMOUR M. LEWIS, THEODORE RUBOVITZ and CLEMENT HARRELL, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the defendant Sarah Braverman, from an order denying the prayer of her petition that the court·determine and fix the amount due the complainant for interest, solicitor's fees and costs, in addition to the amount due the complainant upon a defaulted $100 bond. Sarah Braverman filed her petition offering to pay the complainant all the principal, interest and attorney's fees and costs which may be due in the instant case, and moved that the receiver in possession be required to file his final account, and upon its approval be directed to turn over the premises in question to the petitioner, and that he be discharged from further service in the proceeding.

Sarah Braverman acquired title to the real estate in question and had an interest in this litigation, which is a foreclosure proceeding in which Lillian W. Harris is the complainant. The proceeding is a second partial foreclosure to satisfy the amount due upon one

bond for $100, which bond is subordinate to certain other bonds aggregating the sum of $45,000, and secured by a trust deed upon the premises in question.

The bill of complaint was filed on January 30, 1931. No service was had, however, upon the owner of the equity of redemption. A receiver was appointed on a prior foreclosure proceeding filed by the First National Bank of Chicago on December 27, 1929. A decree was entered as a result of such proceeding, and a sale was had. After the sale a deficiency decree was entered for the sum of $761.97, which amount was reduced to $640.62. On February 11, 1931, the receivership in that case was extended to the instant proceeding. No notice of this motion to extend the receivership was given to the owner of the equity of redemption for the alleged reason that such owner could not be found.

On October 28, 1931, Sarah Braverman filed her petition hereinbefore mentioned, offering to pay the complainant the amount due.

Thereafter, on October 29, 1931, the Chicago Title & Trust Company declared the amount evidenced by bonds aggregating the sum of $45,000 to be due and payable, and applied to the chancellor in this proceeding for leave to file a cross-bill and to extend the receivership to cover the property involved in the foreclosure proceeding and set forth in the cross-bill. The court denied this motion and on October 30, 1931, the Chicago Title & Trust Company filed a bill of foreclosure case No. B-231679, to satisfy the amount of the bonds above set forth, and on motion of the Chicago Title & Trust Company, over the objection of the defendant Sarah Braverman, the receivership was extended.

The receiver, in compliance with the order entered on February 12, 1931, filed his report, from which it appears that his account is for the period from

February 1, 1931, to October 31, 1931, inclusive, and that the receiver collected rents from the tenants in possession amounting to $4,621.35. Among the items expended were $150 for attorney's fees, and $150 for receiver's fees. Three hundred dollars were paid to the Capital Company in May, 1931; $1,137.50 to the Capital Company in September, 1931, and the receiver asked for an additional allowance of $300 for fees, and also $300 for his attorney's services. To this report the defendant Sarah Braverman filed objections.

The defendant Sarah Braverman, in order to call the attention of the trial court to the tender made by her to the complainant in the instant case, filed a petition to that effect. This petition was answered by the complainant and certain of the defendants.

The matter came before the chancellor, who heard the evidence and considered the objections filed by the defendant Sarah Braverman to the receiver's report, and at the conclusion of the hearing, entered an order finding that Sarah Braverman offered in open court to pay to the complainant the amount due under the foreclosure proceeding, plus interest and costs and a reasonable solicitor's fee; that the complainant refused to accept the tender so offered, and that the court denied the prayer of the petition of Sarah Braverman.

This order is equivalent to a refusal by the court to fix the amount of the tender including solicitor's fees, interest and costs, to be paid by the defendant to the complainant, and thereby sustains the complainant's refusal to accept the money offered to be paid and the legal effect of this order is that the court denied the right of the petitioner to satisfy the claim of the complainant in this foreclosure proceeding.

The purpose of a tender by a party in interest is to satisfy a claim due, and such tender may be offered before or after litigation is instituted, and when made after the proceeding is before the court, the tender

should be allowed by the court if properly made, for it tends to end litigation.

The matter in the instant case was properly before the court for consideration, and the order is final upon the question involved and binding upon the defendant, unless upon review the order is reversed.

It appears from the receiver's report that payments were made by him which were of doubtful propriety. It is apparent that he did not pay the taxes for the years 1927 and 1928, charged to be due in the bill of complaint filed herein. Such failure by the receiver to pay taxes should not be encouraged. This receiver had sufficient funds to pay the taxes for the years 1927 and 1928, but the funds were used for every other purpose than the payment of the taxes due. The first duty of an officer of the court in the administration of the trust committed to him is to satisfy the tax liens upon the property committed to his care, when an order for that purpose is entered by the court.

While the objections of Sarah Braverman to the receiver's report were overruled by the court, the report does not appear to have been approved by this order, and evidently is still before the chancellor for consideration, and the court no doubt will carefully consider this report and enter such orders as are equitable and just. The order denying the prayer of Sarah Braverman to fix the amount due the complainant is therefore reversed with directions that the order be set aside and vacated, and that the court consider the tender made by Sarah Braverman and fix the amount due to satisfy the claim of the complainant, and allow such an amount for interest, costs, and solicitor's fees as the court shall determine, and enter such further or other orders consistent with the views herein expressed.

*Order reversed and cause remanded with directions.*

WILSON, P. J., and HALL, J., concur.